**SIONIX CORPORATION, a Utah Corporation, Appellee,**

v.

**Jack MOOREHEAD, an individual; S. Donna Friedman, an individual; S.D. Friedman Trust; Laura Friedman, an individual; Cheryl Friedman, and individual; Jack Moorehead dba Act, Appellants,**

**and**

**Dascore LLC; Wade Cowart; Helga Ackman; Howard Barr; Dennis Leahman, Defendants.**

Nos. 01–56905, 02–55077, 02–55115.

D.C. No. CV–99–1201–MJL (NLS).

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 4, 2002.

Decided Jan. 21, 2003.

Before REINHARDT, O'SCANNLAIN and PAEZ, Circuit Judges.

MEMORANDUM **

On April 17, 2001, the parties to this appeal reached an agreement to settle this lawsuit. The district court adopted the magistrate judge's report and recommendation to enforce the settlement.

Moorehead and the Friedmans appeal, contending that (1) the district court erred in finding that there was a complete and enforceable agreement between the parties on April 17; (2) the district court erred in interpreting the condition to the disputed settlement as a condition subsequent rather than a condition precedent; (3) the district court erred in finding that the opinion of Moorehead's patent attorney failed to satisfy the condition; and (4) that there was no "meeting of the minds" with respect to all material terms of the April 17 agreement. We take each of these claims in turn.

I

■ California law clearly states that it is the outward manifestation or expression of assent—not unexpressed intentions or understanding—that determines the existence of a contract. *See* 1 B.E. Witkin, Summary of California Law, Contracts § 119 at 144 (9th ed.1987). At the April 17 hearing, the court methodically went through each of the terms of the agreement and then asked Appellants if they were in agreement with those terms. Appellants' response was a clear and unmistakable "yes." The mere fact that appellants may have harbored some doubt about the agreement is irrelevant because their "outward manifestation" was one of assent. Nor is the condition that Appellants requested inconsistent with the existence of a complete and binding agreement. California's courts have held that "[t]he mere fact that ... there is a present anticipation of a possible future repudiation ... is not a valid basis for concluding that the contract is not presently binding and effective." *Frankel v. Board of Dental Examiners,* 46 Cal.App.4th 534, 549–50, 54 Cal. Rptr.2d 128 (1996) (citation and internal quotation marks omitted). Appellants' first claim, therefore, must fail.

II

Appellants' contention that the condition to the agreement was a condition precedent, not a condition subsequent, also must fail. Under California law, "[c]onditions precedent are not favored ... and courts shall not construe a term of a contract so as to establish a condition precedent absent *plain and unambiguous* contract language to that effect." *Frankel,* 46 Cal. App.4th at 550, 54 Cal.Rptr.2d 128 (emphasis added). Because Appellants cannot point to any such "unambiguous contract language," we decline to contravene clearly established California law and to construe this agreement as establishing a condition precedent.

III

■ To satisfy the condition subsequent in the settlement agreement, Mr. Moorehead was required to file with the court a declaration of a patent attorney stating that the agreement would, in fact, preclude him from practicing in his chosen field.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

While the declaration of Mr. Moorehead's patent attorney does include language indicating that the agreement might make it *difficult* for him to practice in his chosen field, its ultimate conclusions fall short of what the condition required. Where, as here, "the occurrence of a condition is required by the agreement of the parties, rather than as a matter of law, a rule of strict compliance traditionally applies." 2 E. Allan Farnsworth, Farnsworth on Contracts, § 8.3 (2d ed.2001); *see also id.* at § 8.7a ("In the rules governing express conditions, the law is at its most draconian.... Instead of a rule of substantial compliance, a harsh rule of strict compliance generally prevails.") *and* 13 Samuel Williston & Richard A. Lord, A Treatise on the Law of Contracts § 38:12 (4th ed. 1993 & Supp.2001) ("Express contractual conditions must be literally met or performed ..."). Because it does not unequivocally state that the settlement agreement will, in fact, preclude Mr. Moorehead from working in his chosen field, he cannot meet this "harsh rule of strict compliance."

## IV

Finally, appellants argue that, because there was no meeting of the minds with respect to material terms in the April 17 agreement, the agreement was unenforceable under this court's holding in *Callie v. Near*, 829 F.2d 888 (9th Cir.1987). *Callie*, however, cannot bear the weight Appellants place upon it. For, while we did hold in *Callie* that "the district court may enforce only *complete* settlement agree-

ments," we further noted that an incomplete settlement agreement is one "[w]here material facts concerning the *existence* or *terms* of an agreement ... are in dispute...." *Id.* at 890 (emphasis in original). As we noted above, under California law, the determination of the "existence" or "terms" of an agreement must be made on the basis of the parties' "outward *manifestation* or *expression* of assent" rather than one's unexpressed intentions or understanding. *Binder v. Aetna Life Ins. Co.*, 75 Cal.App.4th 832, 851, 89 Cal. Rptr.2d 540 (1999) (emphasis in original) (citation and internal quotation marks omitted). The only outward manifestations that are relevant to this inquiry are those made by the parties at the April 17, 2001 settlement hearing. The transcript of that hearing shows that the Appellants, when asked if they heard the terms of the settlement and if they were in agreement with those terms, clearly answered, "Yes." As a result, Appellants cannot now claim that there was no "meeting of the minds." [1]

The judgment of the district court, therefore, must be

## AFFIRMED.

---

1. While we reject Appellants' challenges to the settlement agreement, we note that their professed fears about the effect of the agreement appear to be overblown. For, as the district court explained, the agreement does not "prevent Moorehead from using a lawfully-acquired patented Sionix product" nor does it "enjoin Moorehead from practicing technology he independently develops." In these situations, the district court concluded—and we agree—"Moorehead will not have committed misappropriation; he will not have obtained trade secrets from Sionix or disclosed or used Sionix's trade secrets without Sionix's consent."